UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARY LECOMPTE                                        CIVIL ACTION

V.                                                   NO. 16-13315

BAYER HEALTHCARE, L.L.C.                             SECTION "F"

                           ORDER AND REASONS

    Before the Court is defendant's motion to dismiss. For the following reasons, the motion is GRANTED.

                              **Background**

    Mary LeCompte brings a products liability lawsuit claiming that she suffered personal injuries after using Dr. Scholl's Extra Thick Callus Removers. She sues Bayer Healthcare, L.L.C. as the alleged manufacturer of the product.

    LeCompte used the callus remover on her left great toe to treat a callus. She alleges that after she applied the callus remover, she suffered burning, swelling, pain, lesions, and infection in her left great toe. LeCompte sought medical treatment from her primary care physician, the emergency room, a podiatrist, and other medical professionals for her injuries. She asserts that the injuries affect her ability to walk and partake in daily life and that surgery is needed to correct the damages.

    LeCompte claims Bayer negligently and recklessly manufactured, sold, distributed, retailed and otherwise placed or caused to be placed into the stream of commerce the callus removers

and Bayer knew, or with the use of reasonable care should have known, the callus removers were dangerous and defective. The complaint continues that Bayer knew, or should have known, that the callus removers lacked adequate and proper warnings, which Bayer negligently and carelessly failed and refused to provide to LeCompte. Additionally, she maintains Bayer deviated from applicable FDA requirements in its manufacturing of the callus remover and those deviations led to a defective productive that the plaintiff used. Finally, LeCompte claims Bayer breached implied and express warranties as a direct result of the injuries she suffered.

LeCompte is a resident of Louisiana and originally filed this claim in Louisiana state court. The defendant properly removed the action to this Court under 28 U.S.C. § 1332(a). Bayer moves to dismiss all of the plaintiff's claims not specified in the Louisiana Products Liability Act on the ground that the LPLA provides "the exclusive" remedy for harm caused by a manufacturer's product.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser

Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

## II.

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. To eliminate any doubt, the Act goes on, "A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." Id. The LPLA only allows recovery if a product is unreasonably dangerous: 1) in construction or composition; 2) in

design; 3) because of inadequate warning; or 4) because of nonconformity to express warranty. La. R.S. § 9:2800.54-58. Accordingly, all theories of recovery that fall outside of these four must be dismissed.

Plaintiff's complaint asserts claims for negligence, for negligently and recklessly manufacturing, selling, distributing, retailing or placing into commerce a dangerous and defective product, deviation from FDA requirements, and breach of implied warranties. These three claims fall outside the scope the LPLA exclusive remedy for products liability suits. Because Louisiana products liability law precludes these claims, relief cannot be granted and the Court must dismiss the claims. Fed. R. Civ. P. 12(b)(6); La. R.S. § 9:2800.54-58. Plaintiff's remaining claims for dangerous construction or composition, failure to include adequate warnings, and breach of express warranty are unaffected by defendant's current motion to dismiss.

Accordingly, it is ORDERED that Bayer's motion to dismiss non-LPLA claims is GRANTED.

New Orleans, Louisiana, September 14, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE